## North Chicago Street Railway Company v. Frederick W. Brodie, Administrator of Frank R. Brodie.

1. DAMAGES—*Death from Negligent Act.*—The damages, in actions brought to recover the pecuniary loss sustained by reason of the death of a relative, under the statute, occasioned by the negligence of another,

North Chicago St. Ry. Co. v. Brodie.

are not to be determined wholly from the evidence, but within the limits of the statute are left to the discretion of the jury; and when the amount of the verdict indicates that the jury were not moved by improper motives the finding will not be disturbed.

**Memorandum.**—Action for damages; death from negligent act. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

APPELLANT'S BRIEF, EDMUND FURTHMANN, ATTORNEY.

The statute makes the pecuniary loss of the widow and next of kin the sole measure of damages. Satisfaction of that loss is therefore the sole purpose for which an action can be instituted. There being nothing to be allowed for the bereavement, nothing for *solatium*, the damages must be limited to an indemnity for the pecuniary loss. Conant v. Griffin, 48 Ill. 413.

Where the next of kin are collateral kindred of the deceased, and have not received pecuniary aid from him, proof of such relationship would warrant a recovery of nominal damages only. City of Chicago v. Scholton, 75 Ill. 471; City of Chicago v. Major, 18 Ill. 360.

But, while the action may be brought in any case where there are next of kin, the more important question remains —what is to be the measure of damages? This court held in City of Chicago v. Major, 18 Ill. 349, and again in Chicago & Rock Island Railroad Company v. Morris, 26 Ill. 400, that the recovery can only be for the pecuniary loss and damage, and not for the bereavement. Nothing can be given as *solatium*. If, then, the next of kin are collateral kindred of the deceased, and have not been receiving from him pecuniary assistance, and are not in a situation to require it, it is immaterial how near the degree of relationship may be, only nominal damages can be given, because there has been no pecuniary injury. If, on the other hand, the next of kin have been dependent on the deceased for support, in whole or in part, it is immaterial how remote the relationship may be, there has been a pecuniary loss for which com-

pensation under the statute must be given. C. & A. R. R. v. Shannon, 43 Ill. 347.

If the next of kin are collateral kindred of the deceased, and have not been receiving from him pecuniary assistance, and are not in a situation to require it, only nominal damages can be given, no matter how near such collateral relationship may be. If, on the other hand, the next of kin have been dependent on the deceased, in whole or in part, for their support, no matter how remote the relationship, there has been a pecuniary loss, for which damages must be given. Chicago & Alton R. R. Co. v. Shannon; The Chicago & Northwestern Ry. Co. v. Swett, 45 Ill. 205.

APPELLEE'S BRIEF, CASE, HOGAN & CASE, ATTORNEYS.

In the case of O. & M. Ry. v. Wangelin, reported in 39 N. E. Rep. 761, where the surviving next of kin was a sister, our Supreme Court pass fully upon an alleged error in the court below in refusing to give the following instruction: "The court instructs the jury that, no evidence having been introduced from which it can be ascertained with any reasonable degree of certainty to what extent the decedent's sister has suffered pecuniary loss by reason of the killing of her brother, Frank Wangelin, your verdict, if for the plaintiff, can only be for nominal damages;" and refer to all the prior decisions rendered by it upon this subject, and held that in that case, there being some evidence to show that the deceased had contributed to the sister's support, there was no error in refusing the instruction. It was the duty of the court below in this case, under the evidence, to permit this case to go to the jury on this question; and the jury, while this does not arise upon this discussion, were fully instructed upon the subject of damages even more favorably than the appellant herein was entitled to.

In addition to the authorities cited in the Wangelin case, see also R. R. Co. v. Baron, 5 Wall. 105; R. R. Co. v. McCloskey, 23 Pa. St. 530; Oldfield v. N. Y. & Harlem Ry. 3 E. D. Smith 103; C. & E. R. R. v. Branyan, 37 N. E. Rep. 195.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

This was an action by appellee to recover the pecuniary loss he claimed to have sustained by reason of the death of his brother, who was killed by an accident resulting from the negligence of appellant.

The plaintiff obtained a judgment for $2,000.

As we regard the facts there is but one question in the case, viz.: did the plaintiff sustain any pecuniary loss from the death of his brother, and if so how much?

The deceased was at the time of his death thirty years of age; he was then in the oyster business on his own account; that is, he had a route over which he sold oysters. A short time previous to the death of Frank Brodie, which occurred October 15, 1891, his brother, the plaintiff, had been very ill and Frank had sent him money, in all $45.

The deceased had been unfortunate in business, and died in debt, leaving no effects save about $20 in money.

The plaintiff did no work in September or the first part of October, 1891; the day after the burial of his brother he started to work, taking his deceased brother's route.

The plaintiff testified that his brother's habits were good. It was admitted that Nellie Hochkeich would, if present, testify that she was divorced from Frank Brodie on account of his habitual drunkenness, and that he " continued to be in the same habit on the day of his death." In the latter part of 1890 and the first part of 1891, the deceased was, for four months, sick with rheumatism; during this time the plaintiff came to see him at the house where he had a room and promised to send the people then caring for his brother $50. There was other testimony bearing upon the question of the amount of pecuniary damages sustained by the plaintiff; some of this tended to show that the deceased was a good salesman and a good business man, while the testimony of others tended to establish that the deceased was a person who hung around saloons, working and earning but little.

The plaintiff appeared to be his only living relative.

The jury found that the plaintiff had, from the death of his brother, sustained pecuniary damage to the amount of $2,000, and for this sum the court gave judgment.

While it appears to us that the plaintiff suffered no pecuniary loss by the death of his brother, but was rather pecuniarily a gainer thereby, he having thus acquired the business of the deceased, yet as the damages in cases of this kind are not to be determined wholly from the evidence, but within the limits of the statute are left to the discretion of the jury (Ohio & M. Ry. Co. v. Wangelin, 39 N. E. Rep. 760), we do not feel warranted in reversing the verdict, sanctioned, as it has been, by the judge before whom the cause was tried. We are the more inclined to affirm the judgment because there is no reason for thinking that the finding of negligence on the part of the defendant was the result of passion or prejudice.

That the defendant was negligent is apparent.

Neither does the amount of the verdict clearly indicate that the jury were moved by improper motives. However mistaken we may think the jury was in concluding that the plaintiff had suffered any pecuniary loss, the amount of the verdict indicates deliberation and calm consideration rather than passion.

The judgment of the Superior Court is affirmed.

MR. JUSTICE SHEPARD.

I do not consider that the evidence shows that any pecuniary loss whatever was suffered by the appellee in the death of his brother, and I do not think the judgment should stand.